UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Cause No.: 1:25-cv-02186<br>) |
| UNKNOWN TYPE 89 GRENADE LAUNCHER,<br>BEARING SERIAL NUMBER 50694 | )<br>)<br>) |
| Defendant. | )<br>) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, by counsel, Thomas Wheeler II, United States Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney, brings this Complaint of Forfeiture *in Rem* in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges on information and belief as follows:

**NATURE OF THE ACTION**

1. This action to remedy a violation of the National Firearms Act, 26 U.S.C. § 5801 *et seq.* ("NFA"), by forfeiting property under 26 U.S.C. § 5872 as governed by 19 U.S.C. §§ 1602-1618.

**THE DEFENDANT *IN REM***

2. The Defendant is an Unknown Type 89 50mm Grenade Launcher bearing Serial Number 50694 (Asset ID 24-ATF-036095) (hereinafter, the "Defendant Property").

3. The Defendant Property was seized from William Rees (a/k/a Doug Rees) during execution of a state search and seizure warrant by Greenwood Police Department ("GPD") on October 5, 2023, was transferred to Bureau of Alcohol, Tobacco, Firearms and Explosives

1

("ATF") on December 20, 2023, and is presently in the custody of ATF in Indianapolis, Indiana.

4. Upon filing of this complaint, the Plaintiff requests that the Clerk/Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i) which the Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* to forfeit and condemn the Defendant Property. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), because this forfeiture action has been commenced by the United States.

6. The court has *in rem* jurisdiction pursuant to 28 U.S.C. §§ 1355 and 1395 because the acts or omissions giving rise to the forfeiture occurred in this district; the Defendant Property is located in this district; and the criminal prosecution has been brought in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts and omissions giving rise to the forfeiture occurred in this judicial district.

## BASIS FOR FORFEITURE

8. The Defendant Property is subject to forfeiture under 26 U.S.C. § 5872 because it was involved in a violation of the National Firearms Act, to wit 26 U.S.C. § 5861(b) and 26 U.S.C. § 5861(d).

## FACTS

9. The following facts establish a reasonable belief that the United States will be able to meet its burden of proof at trial. The facts alleged in this Complaint are based upon information and belief, the sources of which are agents and reports from the GPD, ATF and other written and oral information received by the United States Attorney's Office for the Southern District of Indiana.

10. On October 4, 2023, at approximately 10:30 p.m. GPD was dispatched to 660 Classic Lane, in Greenwood, Johnson County, Indiana 46143, to investigate a hit and run accident.

11. At that address, GPD met with Victim 1, who said he had been in an accident with a yellow sports car, and that the driver of the yellow sports car pulled a gun on him, hit him a couple times, and left the scene.

12. Victim 1 said he was driving on Main Street in Greenwood when the yellow sports car traveling in front of him pulled into a right-hand turn lane. Victim 1 said he passed the vehicle, and then vehicle pulled back onto the road behind him, following closely on his bumper.

13. Victim 1 said the driver of the yellow sports car was driving aggressively and attempting to pass him. When it did, the driver merged in front of Victim 1 and quickly slammed on the brakes. Victim 1 stated that his vehicle collided with the rear end of the yellow sports car, and he pulled over to exchange information with the driver.

14. Victim 1 said the male driver of the yellow sports car walked toward him yelling. He said the man then shoved him and Victim 1 put his hands up to push back. Victim 1 said a black handgun fell to the ground and the driver of the yellow sports car picked it up, pointed the gun at Victim 1 and yelled "get on the ground."

15. Victim 1 said as he bent over to get down the driver struck him in the back of the head. Victim 1 was unsure if he was struck by the driver's fist or the driver's gun. Victim 1 said that he was backing away to run and the driver swung his left fist once or twice and hit Victim 1's head near his right ear. The driver of the yellow sports car then left the scene.

16. Emergency medical personnel treated Victim 1 at the scene.

17. Video footage of the collision and the confrontation shows both drivers leaving

their vehicles and exchanging words. Then, the male driver of the yellow sports car pushed Victim 1 near the shoulder area, shoving him backward. The driver then grabbed for a firearm, which he dropped on the ground. The driver then picked up the firearm, pointed it at Victim 1 and yelled for Victim 1 to get on the ground. Later the video shows that the driver swung his fist and hit Victim 1's head.

18. Law enforcement determined that the yellow sports car, identified as a yellow Pontiac Solstice, with license plate BQA762, was registered to William Rees at 1311 North Combs Road in Greenwood, Indiana (hereinafter, "the residence").

19. When law enforcement attempted to contact Reese at his residence, Rees refused to exit the residence and refused to talk to law enforcement. Rees disappeared into the residence and returned with what appeared to be a shotgun. Reese then pointed the firearm at law enforcement and threatened to shoot them. GPD SWAT team members were then called to the scene and GPD established a perimeter around the residence until GPD SWAT team members arrived and took command of the scene.

20. After their arrival GPD SWAT negotiation team members contacted Rees via telephone. While on the phone with negotiators, Rees made several threats toward officers on the scene, indicating that they had five seconds before he started picking them off. Rees also stated that if law enforcement came inside his house there would be multiple deaths. Rees also said that people are going to die here tonight, and that he will die tonight. Rees also said that if they try to arrest me, they will get a hole in the head.

21. On October 5, 2023, at approximately 6:00 a.m., GPD SWAT negotiators and other law enforcement were able to convince Rees to surrender. Rees was transported to the Johnson County Jail without further incident.

22. A search warrant of the residence, Rees's vehicle and any firearms pertaining to the crime of pointing a firearm was executed after his arrest. A yellow Pontiac Solstice bearing IN plates BQA762 was in the driveway with minor damage to the rear end of the vehicle.

23. Multiple firearms were in plain view in the home. A handgun matching the description provided by Victim 1 was located at a side table just inside the front door of the residence. A shotgun observed by GPD was located on a dresser in the bedroom. Both the handgun and the shotgun were loaded with ammunition. Both firearms were seized by GPD.

24. During the execution of the search warrant, the Defendant Property, a Type 89 50mm Grenade Discharger bearing serial number 50694, was located and taken into GPD custody as evidence. ATF was contacted by GPD. On December 20, 2023, ATF retrieved a Type 89 50mm Grenade Launcher to be submitted to the ATF Firearms and Ammunition Technology Division (FATD) for examination.

25. ATF experts determined that the Defendant Property is a destructive device as defined in the NFA, 26 U.S.C. § 5845(f)(2). Further, since the Defendant Property is a destructive device, it is also a "firearm" as defined by 26 U.S.C. § 5845(a)(8).

26. The NFA requires that any NFA firearm be registered on the National Firearms Registration and Transfer Record (NFRTR) at the time the firearm is manufactured, imported or made. *See* 26 U.S.C. § 5841(b). Any subsequent transfer of the firearm must be registered in the NFRTR by the transferor and comply with the tax, transfer, and registration provisions of the NFA. *See* 26 U.S.C. § 5841(b); *see also* 26 U.S.C §§ 5811-5812.

27. A search of the NFRTR by ATF revealed no record that the Defendant Property was ever registered on the NFRTR or lawfully transferred to William Rees on NFRTR.

## CLAIM FOR RELIEF

28. Paragraphs 1 - 27 are incorporated by reference.

29. The Defendant Property is forfeitable pursuant to 26 U.S.C. § 5872 because it was involved in a violation of the National Firearms Act.

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States for disposition according to law; and that the United States be granted any relief this court deems just and proper.

THOMAS E. WHEELER II
United States Attorney

By: s/Kelly Rota
Kelly Rota
Assistant United States Attorney
Office of the United States Attorney
10 W Market St., Suite 2100
Indianapolis, IN 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## VERIFICATION

I, Brian D. Taylor, hereby verify and declare that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, I have read the foregoing Verified Complaint for Forfeiture *In Rem* (the "Complaint") and know the contents thereof, and the factual matters contained in the Complaint are true to my knowledge and belief. The sources of my knowledge and belief are my investigation of this case, the official files and records of the United States, and information supplied to me from oral and written reports prepared by other law enforcement officers, and review of physical evidence.

I hereby verify and declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and research.

Dated this 23 day of October, 2025.

Brian D. Taylor, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives